UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA BARKZAI,<br><br>         Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 17-cv-1692-W (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF NOS. 13, 14)** |

  This Report and Recommendation is submitted to the Honorable Thomas J. Whelan, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.

  On August 22, 2017, plaintiff Soraya Barkzai filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI"). (ECF No. 1.)

  Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED,** that the Commissioner's cross-motion for summary judgment be **GRANTED**, and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

1

## PROCEDURAL BACKGROUND

On May 20, 2013, plaintiff filed an application for SSI under Title XVI of the Social Security Act, alleging disability beginning October 1, 2012. (Certified Administrative Record ["AR"] 162-71.) After her application was denied initially and upon reconsideration (AR 108-12, 116-20), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 123-25.) An administrative hearing was held on February 4, 2016. Plaintiff appeared at the hearing with counsel, and testimony was taken from her (through an interpreter) and a vocational expert ("VE"). (AR 49-85.)

As reflected in his March 2, 2016 hearing decision, the ALJ found that plaintiff had not been under a disability, as defined in the Social Security Act, since the alleged onset date. (AR 29-38.) The ALJ's decision became the final decision of the Commissioner on June 27, 2017, when the Appeals Council denied plaintiff's request for review. (AR 1-4.) This timely civil action followed.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 1, 2012, the alleged onset date. (AR 31.)

At step two, the ALJ found that plaintiff had the following severe impairments: anxiety disorder; major depressive disorder; cervical and lumbar spine degenerative disc disease; and malingering. (AR 31.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 31.)

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary, unskilled work. As to plaintiff's mental limitations, the ALJ found the following:

She "retains the capacity to perform work that is unskilled and low concentration meaning [plaintiff] retains the capacity to be alert and attentive to adequately perform only routine, unskilled work tasks; is able to perform low stress work (meaning low production, no working with the general public, no working with crowds of coworkers, only occasional verbal contact with supervisors and coworkers, and only occasional changes in a routine work setting[)]; may perform work at the low memory level (meaning the ability to understand, remember and carry out only simple work instructions, remember and deal with only rare changes in the work instructions from week to week, and the ability to remember and use good judgment and make only simple work related decisions[)]; and retains the capacity to perform work that does not require fluency in English requiring as [plaintiff] speaks Farsi and would need a Farsi speaking interpreter to train her to do the job or have the option to learn the job by visual demonstration." (AR 33.)

At step four, the ALJ found that plaintiff had no past relevant work. (AR 37.)

The ALJ then proceeded to step five of the sequential evaluation process. As of the alleged onset date, the ALJ classified plaintiff as a younger individual on the alleged onset date for whom transferability of skills was not an issue. (AR 37.) Based on the VE's testimony that a hypothetical person with plaintiff's vocational profile could perform the requirements of occupations that existed in significant numbers in the national economy (*i.e.*, assembler, document preparer, and lens-block gauger), the ALJ found that plaintiff was not disabled. (AR 37-38.)

## PLAINTIFF'S CLAIM OF ERROR

Plaintiff claims that the ALJ erred by relying on the VE's testimony at step five of the Commissioner's sequential evaluation process in two respects. First, plaintiff contends that the ALJ failed to reconcile the apparent conflict between the VE's testimony and the reasoning level requirement of the document preparer job according to the Dictionary of Occupational Titles ("DOT"). Second, plaintiff contends that, when the number of available document preparer jobs to which the VE testified is excluded, the Commissioner failed to carry her step five burden to showing that a significant number of jobs existed in the national economy that plaintiff remained capable of performing.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

1. <u>The Commissioner's waiver argument</u>

Preliminarily, the Court will address the Commissioner's contention that plaintiff waived this claim of error by not raising it at the administrative hearing. (*See* ECF No. 14-1 at 4-5.) The Court disagrees. At step five of the sequential evaluation process, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations." *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (alterations in original) (quoting *Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir. 1995)) (citing 20 C.F.R. § 416.920(g)). In making a disability determination at this step, the ALJ relies primarily on the DOT for "information about the requirements of work in the national economy." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). "The DOT describes the requirements for each listed occupation, including the necessary General Education Development ('GED') levels; that is, 'aspects of education (formal and informal) . . . required of the worker for

satisfactory job performance.'" *Zavalin*, 778 F.3d at 846 (quoting DOT, App. C, 1991 WL 688702 (4th ed. 1991)). "The GED levels [include] the reasoning ability required to perform the job, ranging from Level 1 (which requires the least reasoning ability) to Level 6 (which requires the most)." *Id*. (citing DOT, App. C, 1991 WL 688702).

In addition to the DOT, the ALJ "uses testimony from vocational experts to obtain occupational evidence." *Massachi*, 486 F.3d at 1153; *see also Zavalin*, 778 F.3d at 846. Generally, the VE's testimony should be consistent with the DOT. *See* Social Security Ruling ("SSR")[1] 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000); *Massachi*, 486 F.3d at 1153. But when conflicts occur, neither the DOT nor the VE's evidence automatically trumps. *Massachi*, 486 F.3d at 1153 (citing SSR 00-4p at *2). "Thus, the ALJ must first determine whether a conflict exists." *Id.*

"When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin*, 778 F.3d at 846 (citing *Massachi*, 486 F.3d at 1153-54). The ALJ must ask the VE whether his or her testimony conflicts with the DOT. *Massachi*, 486 F.3d at 1153-54; SSR 00-4p at *4. If it does conflict, "the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Id*. at 1153. The Commissioner's waiver argument is contrary to the foregoing authority and the Court concurs with those California district courts that uniformly continue to reject it. *See, e.g., Duke v. Berryhill*, 2017 WL 3129089, at *4-*5 (E.D. Cal. July 24, 2017); *Barbee v. Berryhill*, 2017 WL 3034531, at *12 (S.D. Cal. July 18, 2017); *Alba v. Berryhill*, 2017 WL 12290484, at *3 (C.D. Cal. Apr. 3, 2017).

---

[1] "SSRs reflect the official interpretation of the [Social Security Administration] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations." *Avenetti v. Barnhart*, 456 F.3d 1122, 1124 (9th Cir. 2006).

Moreover, a finding that the failure of plaintiff's counsel to challenge the VE's testimony during the administrative hearing resulted in a forfeiture of his step five claim could not be reconciled with well-established authority that Social Security proceedings are inquisitorial rather than adversarial in nature and that ALJs have a special duty to develop the record even when claimants are represented by counsel. *See, e.g.*, *Sims v. Apfel*, 530 U.S. 103, 111-12 (2000) (noting that Social Security proceedings are informal and nonadversarial, and holding that claimants need not raise specific issues with the Appeals Council before seeking judicial review on those issues); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (an ALJ has a special duty to fully and fairly develop the record even when the claimant is represented by counsel); *see also Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008) (claimant's failure to object to the VE's testimony at the hearing did not forfeit step five issue because Social Security Ruling ("SSR") 00-4p imposes an "affirmative duty" of inquiry on the ALJ); *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (same because "claimants need not preserve issues in the proceedings before the Commissioner or her delegates") (citing *Sims*, 530 U.S. 103).

Indeed, the Commissioner's forfeiture argument is even less compelling here because this case involves an alleged error at step five of the Commissioner's sequential evaluation process, where the burden lies with the Commissioner rather than with plaintiff. *See Haddock v. Apfel*, 196 F.3d 1084, 1090 (10th Cir. 1999) (noting that the Commissioner bears the burden at step five and commenting, "To allow an ALJ to elicit and rely on summary conclusions given by a VE, in the absence of contrary testimony elicited by the claimant through cross-examination, would amount to shifting the burden to produce and develop vocational evidence back to the claimant."); *see also Hackett*, 395 F.3d at 1175 (noting that SSR 00-4p "essentially codifies *Haddock*").

2. The apparent conflict between the VE's testimony and the DOT

At the administrative hearing, the ALJ posited to the VE a hypothetical individual with plaintiff's vocational profile and RFC. (*See* AR 74-78.) The VE testified that such a

hypothetical individual would be able to perform the requirements of representative occupations with significant erosion in the number of jobs due to all limitations in the RFC. Specifically, he identified the jobs of assembler (DOT 713.687-026) with 50,000 jobs in the national economy with 75% erosion; document preparer (DOT 249.587-018) with 44,000 jobs nationally with 75% erosion; and lens-block gauger (DOT 716-687.030) with 20,000 jobs nationally with 75% erosion. (AR 78-79.)

In response to the ALJ's inquiry, the VE acknowledged that the DOT and the Selected Characteristics Occupational Outlook Handbook ("SCO") did not mention in their description of these jobs all of the physical and mental limitations that the ALJ had posited. (See AR 79-80.) The ALJ then asked, "Is that why you've reduced the numbers so much for us?" The VE responded, "Yes, Your Honor." (AR 80.) The ALJ then followed up with the question, "Is that based on your experience and education?" The VE responded in the affirmative. (*Id.*)

In his decision, the ALJ characterized the foregoing exchange as follows:

"Although the vocational expert's testimony is inconsistent with the information contained in the Dictionary of Occupational Titles, there is a reasonable explanation for the discrepancy. In the hearing the vocational expert was asked if her testimony conflicted, in any way, with the Dictionary of Occupational Titles (D.O.T.) and the Selected Characteristics Occupational Outlook Handbook (S.C.O). The expert responded by stating that the D.O.T. and S.C.O. does not mention, in its description of the above cited jobs, all of the limitations given in the residual functional capacity (e.g. the postural changes noted (sometimes referred to as a "sit/stand option" and the mental limitations and/or the physical limitations noted). However, the expert stated that her education and experience indicates that such jobs do allow for such limitations, in the reduced numbers noted above. The expert's resume is found in the file. No contrary evidence was presented. Therefore, the opinions of the expert are accepted and found to be appropriate departures from the D.O.T. (SSR 00-4p)[.]" (AR 38.)

Plaintiff contends that the VE's testimony conflicted with the DOT with regard to the document preparer occupation. According to the DOT, that occupation requires Level 3 Reasoning, which the DOT defines as the ability to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations." *See* DOT 249.587-018, 1991 WL 672349. In *Zavalin*, 778 F.3d at 847, the Ninth Circuit

7

held that there is an apparent conflict between a claimant's residual functional capacity to perform simple, repetitive tasks and the demands of Level 3 Reasoning.

In her Cross-Motion and Opposition to plaintiff's Motion, the Commissioner does not contend that the ALJ's exchange with the VE satisfied the ALJ's obligation under SSR 00-4p and the Ninth Circuit authorities cited above to determine whether the VE's explanation for the conflict is reasonable and whether a basis exists for relying on the VE rather than the DOT. Indeed, the Commissioner has not cited this exchange or the ALJ's reference to it in his decision. Instead, the Commissioner cites the VE's characterization of the document preparer position as involving only simple work. (*See* ECF No. 14-1 at 5, citing AR 81.) The context of that VE testimony, however, was plaintiff's cross-examination of the VE about the low production limitation included in the ALJ's hypothetical, and the Specific Vocational Preparation ("SVP")[2] requirement of the document preparer position. (*See* AR 81-82.) Plaintiff's counsel never specifically asked the VE about the Level 3 Reasoning requirement of the document preparer position, which as plaintiff correctly points out is a completely different requirement from the SVP requirement. *See Ney v. Colvin*, 2015 WL 8178652, at *14 (N.D. Cal. Dec. 8, 2015) ("[T]he SVP and skill level designations measure occupational demands different from the DOT's listed reasoning level.") Furthermore, the ALJ did not ask the VE any followup questions after plaintiff's counsel's cross-examination of the VE. The Court finds that the VE's testimony was not sufficiently specific for the ALJ to properly conclude that the VE had adequately accounted for the inconsistency with the DOT as to the Level 3 Reasoning requirement of the document preparer position.

//
//
//

---

[2] An SVP rating contemplates how long it generally takes to learn a job. *See Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990).

3. <u>The materiality of the ALJ's alleged error</u>

The Commissioner contends that, even if the ALJ erred in not resolving a conflict between the DOT and the Level 3 Reasoning requirement of the document preparer position, the ALJ's error was harmless because the alleged conflict with the DOT relates only to one of the three job positions identified by the VE. (*See* ECF No. 14-1 at 6.) To be sure, while plaintiff has challenged the ALJ's determination that plaintiff could perform the document preparer position, plaintiff has not challenged the ALJ's determination that plaintiff could also perform the two other positions identified by the VE: assembler and lens-block gauger. Plaintiff's contention with respect to those two positions is that, when the number of available document preparer jobs to which the VE testified is excluded, the Commissioner failed to carry her step five burden to show that a significant number of jobs existed in the national economy that plaintiff remained capable of performing. (*See* ECF No. 13-1 at 7-8.)

The Ninth Circuit has "never set out a bright-line rule for what constitutes a 'significant number' of jobs." *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir.2012). If the number of jobs available *either* regionally or nationally is "significant," the ALJ's decision must be upheld. *See* 42 U.S.C. § 423(d)(2)(A); *Beltran,* 676 F.3d at 1206. Moreover, plaintiff does not dispute that where, as here, the ALJ has found that the claimant remains capable of performing multiple jobs, the number of jobs may be aggregated to determine the number of jobs available nationally. 20 C.F.R. § 416.966(b); *Frierson v. Berryhill*, 693 Fed. Appx. 660, 662 (9th Cir. 2017) ("The expert further testified, however, that a person of Frierson's age, education, work experience, and residual functional capacity, as set forth in the hypothetical posed by the ALJ, could perform all three of the occupations in the cleaner-housekeeper group. The ALJ therefore properly aggregated these three occupations in finding that Frierson could perform jobs existing in significant numbers in the national economy."); *Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1478-79 (9th Cir. 1989) (adding number of hospital laundry worker jobs to number of garment sorter jobs).

Here, according to the VE's testimony, even excluding the document preparer job, there were 17,500 jobs in the national economy that plaintiff remained capable of performing.[3] The Court concurs with the Commissioner that this number is "significant." *See Peck v. Colvin*, 2013 WL 3121280, at *5 (C.D. Cal. June 19, 2013) (14,000 jobs nationally significant); *Yepiz v. Colvin*, 2013 WL 1339450, at *9 (C.D. Cal. Mar. 28, 2013) (15,000 jobs nationally significant); *Albidrez v. Astrue*, 504 F. Supp. 2d 814, 824 (C.D. Cal. 2007) (17,382 jobs nationally significant); *Haase v. Astrue*, 2012 WL 3670639, at *8 (C.D. Cal. Aug. 27, 2012) (13,000 jobs nationally significant).

## CONCLUSION AND RECOMMENDATION

In conclusion, the Court finds that, even if the ALJ erred in failing to reconcile the apparent conflict between the VE's testimony and the DOT with respect to the document preparer job, the error was harmless. *See Stout v. Comm'r of Social Security*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless when such an error is inconsequential to the ultimate non-disability determination); *see also Lara v. Astrue*, 305 F. App'x 324, 326 (9th Cir. 2008) ("To the extent the VE was overly broad and included jobs that [plaintiff] could both perform and not perform, any error is harmless so long as the jobs that could be done are enough to support the ALJ's decision.").

The Court therefore **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's cross-motion for summary judgment be **GRANTED,** and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

---

[3] The VE testified that there existed 50,000 assembler jobs nationally and 20,000 lens-block gauger jobs nationally, and that both of those numbers would have to be reduced by 75% to account for the limitations included in the ALJ's hypothetical (which corresponded to plaintiff's RFC). (See AR 74-79.) Accordingly, the number of jobs existing in the national economy that plaintiff remained capable of performing was 12,500 assembler jobs and 5,000 lens-block gauger jobs.

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See* Fed. R. Civ. P. 72(b)(2). *See id.*

IT IS SO ORDERED.

Dated: June 26, 2018

_____
ROBERT N. BLOCK
United States Magistrate Judge